All right, we'll proceed on to the next case Which is also named the United States, which is Sanders, but we have a little different crew I Mr. Shapiro will hear from you when ever you're ready Thank You Joe Jonathan Shapiro Your honors Jonathan Shapiro on behalf of mr. Sanders and with the court's permission I'd like to use this device which will help me hear the court and government council a lot better if I can What's that a microphone it's a microphone is it transmit just to you that's right. Thank you judge May please the court again. My name is Jonathan Shapiro here on behalf of mr. Stan Sanders This is a related case that you're hearing Arises from the same case that you just heard If I may I would like to step back from the All the technical lawyering that has been done here in the briefs and frame this issue in its most basic and most important sense Zack Sanders 26 years old was convicted of engaging in criminal conduct with children He was sentenced to 18 years in prison the issues today concern the forfeiture of his electronics computer iPhone iPad and more there Was for my purposes your honors Child pornography on those devices I don't want to step on the arguments that are made in the related case concerning the conviction I'm just going to assume for the sake of argument that the devices contain child pornography and refer to it by that shorthand There are nine of those devices Excuse me nine devices there were nine devices  Contraband material there's no dispute about that whatsoever But there was a lifetime Right, I don't think that's quite the characterization in terms of forfeiture in terms of forfeiture They can forfeit the product of criminal conduct or the tools of criminal conduct And so if these were created Whatever was created by the criminal conduct all the data on these things were created by criminal conduct they're forfeitable and the tools were these nine devices that they Carried out the crime and so the statute has both prongs on it And so the government forfeited all mine under both sections Yes, judge that the fourth there is a distinct forfeiture statute Obviously, that's the crux of this case and there are two methods under that forfeiture statute That's what I was alluding to those two methods. That's exactly right But the issue gets a little more complex  because the devices contained non-criminal matter separate individual Non-criminal files the government agrees with that these were things which were not on those devices you've gone to ask the government if Give the government a list of things you want and have the government just copy those for you That's exactly what we want. No, I said, have you done that? We have done that you give them a list We well, I thought you proposed going to some third party who is going to determine what is contraband and what is not What was the ideas if there are some critical documents on there that you want? This is an access question It seems to me that data is in the computer and the computer has a lot of data all mixed up but you want to have copies of some documents and Maybe they'll give you those you say I want a picture of my it's the only picture I have when I was 12 years old and I graduated from camp or something like that and They could get that document But I don't think they have to submit that to some third party and have it scrutinized and determine what parts of that what part what data are our Pornography in which data or not or which contributed to it? I mean the idea is there are a lot of actions on that computer that were totally Innocent, but they led to the pornography you have to open various gates To get there and and there may be various messages and emails that are totally innocent The government doesn't have to give all those things over. And so the question I'm asking really is it's a it's It's an appealing argument to say I have a document on there. I'd like to have And I don't know if it's the only source of that document It seemed to me if it's the only source You you should make it the only source and you should identify particular documents you want and ask them if they'll copy it But the it's in the computer. They don't have to discord. It's a computer and your own request was that they make copies That's yeah, we're almost on the same page judge Neumeier And I know that you're familiar with gates the language you use because of your opinion in the AOL case The here's what happened the As and I was not counsel below my understanding is the Defense counsel went to the government and made a suggestion. There's a lot of data on these different devices It's got to be located. So it wasn't a simple matter of saying there's a picture of me getting married There's a picture of me go graduating high school and there may well be those kinds of factor will be worked out The question is legally. Yes these these devices were basically tainted As Supreme Court is called with the criminal conduct either they're the product of criminal conduct or the tools and they're infected with this and the forfeiture is The honeycup case, you know that Supreme Court said that this is the tainted conduct and the it can be forfeited So the question is I don't know how you get around all that and I was raising these questions to you it seems to me It's somewhat novel maybe in this day and age where computers contain so much so many data on them that maybe there is a process a friendly process by which something my 12 year my graduation picture when I was 12 years old is dear to me and I want it I don't think you can go say I want everything on my computer That's not linked and I don't think you can claim. That's your property. It's all Interactive the question is whether you should have access to make a copy and the statute doesn't give you that And the Congress should address this I would think but as it stands This is like forfeiting a stash house. You know a stash house stores Drugs and It's been used illegally if forfeit the whole house judge You put a number of things on the table, and I want it and they're all important I want to try and get to each one of them But just to get back to the most basic Yes, we agree that there's a lot of stuff on these devices, which we're not entitled to it's forfeitable by statute It is forfeitable What's been forfeited is forfeitable you need to recognize that I think and Tell us what you think or what you want us to do what we say anything Yes, that we can do well. I'm trying to figure out what we can do at all, but what we these nine devices were used in this carrying out this stuff and There is an argument, which is made in briefs judge King that the definition of property Which I think is key here has to be looked at carefully and that the non contraband Items on the computer do not meet the definition of property and should not have been forfeital Just put that aside statute makes them forfeitable. What did judge Ellis do wrong? But at the appealing his ruling Or he wrote an opinion on this forfeiture question and and he ruled against you now What can we what can we do for you? Thank you You're right judge Ellis wrote a lengthy opinion as he does We think he got it wrong and in two respects But I want to get to the nub of what judge Niemeyer said is what can we do this is an issue of access? It's really an issue of access, it's an issue of access to forfeitable property and The question is you want to have some data on there copied? You don't want the data removed. You're not entitled to have it removed It's forfeitable, but you want data copied and the question is we don't have statutory authority to do that and that's why I was suggesting to you if you made it much more friendly to the government's position and said we have 75 documents that are particularly dear to us. They're on there. We know that the data is there They're they're not like pictures pulling them out of book you have to go in and do exercise the keys and the Keys and the gates and the instructions and the programs and all of that. That's all part of the forfeited device so your Request is to have access to make a copy From the data and that requires the government to push keys have print or copy or whatever Whatever you want, but you can't go in and and take anything out of the computer It's it's on disk drives, or it's on memory some of its permanent some of its temporary and And you can't just extract that and say that's mine. You have to say Government will you push some keys for me and make copies for me or give me access now the statute doesn't Seem to authorize that and so the question is I was asking you Whether in a instead of suggesting some third party the government doesn't want to lose control of its forfeited property But if you said all we want is a copy of my certificate. That's the only copy I have And help them where it is and and give them a list they might who knows government's not I've just met my friend for the first time today But I will say this judge, and I think this is key and gets exactly to your point We tried that and that's what we want you. I saw what you tried you tried something much more complex Tried a whole procedure to go to a third party and have them extricate all non There during the truth of the matter is the line between what is forfeit about what is Pornography and what is not pornography and what was used in it. You know there's a lot of setup There's a lot of emails that are not pornographic, but there may be emails with these boys They're not going to have somebody third party go and say oh that email has no pornography turn it over the Question is just the opposite if you want a privilege It seems to me you have to state it in such a fashion that they can cannot turn it down if they want to be anyway helpful to you for your issue, but Getting back to Judge King's point What if the district court do wrong? District court denied our rule 41 G motion, which says that the government must return Non-contraband property which we raised they must if Congress has a problem with that and if that's problem is the preface to 41 G Knock you out you have to go back to the statute Yes, and so the we're not under 41 G because 41 G accommodates the statute so the question is what is the statute? you're You're right, and I have to make two points, and I only have two minutes to do it We proposed a method to the government because we don't know where on these Devices particular documents are we can't say to the government go to this device and look for this Oh, you can they can find it, but they don't want to do that of course They don't want to do it because you've made it impossible you have required them or requested them to delegate and you've given them Criteria which infringes on their right to forfeit and the question is You what you want is a privilege that doesn't seem to be statutorily authorized Which is to copy that which has been forfeited you do not want the forfeited property You don't want that you and you can't have those data. They're electronic. It's it's a pulses on a magnetically Recorded electrical pulses they can't be removed unless you want them to wash the computers, too You're not asking that no sir you're asking for a copy We have we said and so if you will get a copy the question is this is a copy of the property now the question Is you don't have authority under statute to get that well, but it may be a question that I If If I can respond yes, sir, thank you We proposed Doing what was done pretrial in which an expert hired by the defense sat in a facility provided by the FBI with Computers provided by the FBI back to the expert the third party that's already our But but we don't it that was lost that was yeah You've lost the criminal case these nine items have been forfeited and Judge Ellis explained it what if anything could we do here? About that if We are satisfied that judge Ellis gave you a fair hearing on that There's kid you're you're you're gonna have to What and I negotiate from a position of Weakness rather than strength may respond briefly yes, of course. Thank you First off we think a judge Ellis got it wrong, and how we interpreted the statute we think that the word material containing Visual images does not include files which don't include visual images, so that should not have been forfeited For starters You know those images don't sit there floating around and you can grab them They have to be keyed out from electronic data and and so the question is you want the government to key out certain documents that were not offensive and out of a Machine that has been forfeited. They're not in their line. They're like in a box or in a file cabinet They have to be extricated with key Instructions they're in the form of electronic pulses at this point if there are data They're not the actual images and the images will be created from the data, right? And We proposed to have our expert go through the mirror images Identify the documents and then ask the government to copy them, okay? While we hear from the government Mr.. Lita adios Thank You judge Niemeyer The defendants devices are forfeitable on two grounds either of which is sufficient for this court to affirm first 2253 a1 requires the forfeiture of any visual depiction or Of child pornography or any book magazine videotape etc or other matter which contains the visual depiction Right off the bat the statute is making a distinction between the visual depiction itself That is the child pornography and the vessel or the medium the other matter which contains the depiction Now the crux of the defendants statutory argument with respect to a1 is that other matter should refer only to the child pornography Such that only that is forfeitable But that makes no sense because the statute begins and opens by requiring the forfeiture of the visual depictions Themselves, and then it goes one step further almost one level up in generality and requires the forfeiture of the matter Which contains the depiction so I think the statute is clear in that respect and when you go to the definition of visual depiction in 2255 in 2256 that clarifies what I'm saying the definition of visual depiction in 2256 includes data stored on a computer disk or data stored electronically and When you put those with that definition together with 2253 a1 The statute requires Forfeiture of the visual depictions or any book magazine videotape etc or other matter which contains The data stored on a disk or the data stored electronically. What is the thing that is storing the data? Electronically in this case. It's the devices Well prong to also says any any Device that's used to commit the crime that that's right. That's the tool aspect That's right a3 provides for the forfeiture of any property that was used to commit the crime or using furtherance of the crime and that's perhaps I believe He agrees with you that these are forfeitable. I think he's trying to make some kind of argument that the data on the Machines are not forfeitable When the data are not pornography Right, so that if the crux of the defendants argument on a3 is that property should be read to mean separate property or other property? Non contraband property. I'm going to use a question. I asked him if they came with a discreet list specific identification of particular documents and pictures And said would you make us a copy on a thumb drive? What would the government's reaction be to that as a general matter? I think that happens as part of guilty pleas for example Defendants want certain things and they'll contract around it to make it happen Certainly possible. I can't say what the government would have done in this case After going to trial and losing the devices are forfeitable. They fall within the statute and that's not what the defendants did here So I can't tell you what they would have done Not on the trial team, so I can't tell you what they what they will do Who's the they the trial? I'm just referring to the trial. I didn't try the case So I can't tell you what we do the government sure that's that's what the question is of the government. It's not You it's of the government. What would the government do? Well, you're the only one we have here But if I do the only one that can answer for the government the devices are forfeitable and that includes everything Well, they're about this forfeitable. They've been forfeited. Yes, they've been forfeited I didn't he has an appeal and we're we have to decide whether judge Ellis is right, right? What is right and you want and if he if he's gonna be affirmed, what are you going? What are you gonna do that? Nothing? Nothing, if that what it sounds like then the devices And this court has put its stamp of approval on judge Alice's opinion and the devices They've been forfeited and they are legally forfeitable With respect to a3 the crux of the defendant's argument is that property should be read In a3 to refer to separate property or other property, but the statute doesn't say anything about types of property That's just an a textual gloss and it's really more of a rule 41 argument. There are a lot of analogies in the law I mean His argument as is the computer Is made up of a lot of properties so to speak and that it has some properties that are forfeitable and some are not but that's Sort of inconsistent with the notion that it's a device on which these These devices are recorded and and it's hard to get around the statute and judge Ellis's find any error in which I jealous did but I'm just trying to express some sympathy for the circumstance where there are three or four documents or 225 documents that are very special They were on there before He put on the pornography That's where he stored them and he'd like them back sort of like that was my family jewelry And the answer is I suppose that he deliberately tainted all of that by using the devices for child pornography infecting the devices with it and and extensively using them for these various images and exchanges and the correspondence and all the other business going on the dark web and So that my only question is non statutory Maybe there's a little district judge left in me, but I would have probably had you around and say how come you can't give him At least a dozen documents. I haven't list them and have you do the picking But I gather I've ended that that's so Judge Alice the last page or two of judge Alice's opinions I mean judge house is very clear and he's correct in doing that to separate equitable considerations from the statutory question There's a statutory question the devices fall within a one and three and that's as far as the statute goes That's the end of the matter your questions go to rule 41 and judge Alice also 41 if you read the first four or five words, and it's I mean it requires you to pass the gate the statutory gate That's that's right And what your honor was referring to before goes to your honor said previously that these Defendant these were basically the tools of the defendants trade That's exactly what the Ninth Circuit in Kaczynski said in affirming the denial of the rule 41 motion and the district court So help help in effect that the defendant had unclean hands. He chose to use these devices He also chose to commingle these devices these devices weren't some you know Usually when we get to a rule 41 the Supreme Court has explained the philosophy behind that they basically have said that it's a criminal Taint the property has now been tainted and is is Forfeitable to the government but at the defendants knowledge and intent and in addition the purpose of forfeiture Which is another? Another one of the district court spaces is to deter criminal conduct, and it's a form of punishment and the district court Concluded that the defendant wasn't entitled to equitable relief and that he opened that the district court Hope that it's ruling would achieve deterrence as well anything else Mr. Shapiro, thank you just briefly And I hope the government takes to heart what the court have said I was just raising it and these types of things when I raised them I I'm not raising them as legal entitlement or as interpretations of the statute. I was raising them Recognizing that we have human beings even flawed human beings and sometimes there's some kinds of little Accommodations like that that can be made, but if it's being initiated from your side It can't be initiated in the sense that I want a third party Proceeding and have my guy go through it You don't know where it is, and I want everything that's not pornography. You're not entitled to you're not entitled to anything in other words The question is can I have some? Items that I do not have recorded elsewhere. Well. I'm supposed that a lot of it's been duplicated somewhere else, but in that context you're have hat in hand and I submit the Presided over a lot of negotiations and settlements, and that's the way things get done As long as you don't stand on your high horse they may then get off their high horse and the two of you can shake hands, but That's not our role our role is to review judge Ellis as you know and Determine whether he committed error I I Agree with you completely I appreciate the sentiment, and I would love to be able to work out something with the government But we're here today as you recognize and I just want to make one So what did so what did judge Ellis do wrong? In his opinion he did denying your Your request he did two things wrong Which are it described and at length in our briefs the briefs I thought Which I also didn't write were excellent the government's brief was as well, but Applied the law He was wrong in the applied the law he said this was not an equity equity Case he did say that and it's true that forfeiture is not an equity case But as to your specific question and what he did wrong going to the government's major argument here having to do with This was a piece of property which the statute says the government gets the whole thing. That's what judge Ellis said We think that was wrong. It's a cell phone. It's an iPad It's a computer these things are devices, and we know what they are you pull the plug on it and hand it over judge I know you're very familiar with it because of the OO case and probably many others too, but let me just say this There's a definition of property in the code that the forfeiture statute incorporates by reference and it's at 21 USC 853 it defines property to be used in this in the forfeiture statute and what it says is It includes real property But it also include and tangible and intangible property Intangible property The district court ruled that the state's the data are included too, right? That's the data. That's exactly right Electrical pulses, that's right and they're included in the computer and So the those electrical all those device all those electrical pulses and commands and programs were used to download access communicate and obtain child pornography don't and so The only point I'm making sorry to cut you off Yeah, so he pulled all those data on and they're on the same device as he's got some family pictures Or whatever he has that he wants back Or copies of he doesn't want back because there's no way to get it back unless you're going to there's no way to get it Back, you can just transmit the data to a thumb drive or to another device, but which is all you can wash it That's all we want the point. I'm making and then I'm done is that Congress has and the Fourth Circuit has recognized that there's a difference between the hard drive and the data The hard drive is what Was forfeited the data is separate intellectual property And we think that should not and to your question on the hard drive And there's no way to separate it unless you give it a command to some third device Either to copy it or to print it But on the hard drive you look at the hard drive with magnifying glass or anything else you can go with a magnet It's the data are there. It's very complex device and You're arguing that we have to go on that hard drive It's partitioned in particular ways that the computer do it And they store the data at various places, and you give it a command and it retrieves it immediately There's no data on there even if it's intangible that is separable from that device without Commands by further data and programs and apps And you're actually Conceding that because you're not asking for those data You're asking for a copy of those data, and that's appropriate because that's the only way you can get data So you want a thumb drive with those data on it? I think that's what you use the word thumb drive, right? We would like a copy. Yes. Yeah, yeah Okay, I think we understand it, but I that doesn't make it any less Complex and doesn't make your argument any less More less than you've made it It's just the problems that we're facing in this and I think the question for us has a legal matter is to assess What judge Ellis did and decide whether he committed error? Yes, and as to that and in the deference to the Lack of time I would just urge the court to read what we have said about that in our briefs, and I know you will Thank you very much. Thank you. We'll come down. We'll adjourn court signing die and then come down and greet counsel This honorable court stands adjourned sign you die God save the United States in this honorable court
judges: Paul V. Niemeyer, Robert B. King, DeAndrea Gist Benjamin